```
 1  ANDRÉ BIROTTE JR.
    United States Attorney                               JS-6
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  P. GREG PARHAM
    Assistant United States Attorney
 6  California Bar Number 140310
       Federal Courthouse, 14th Floor
 7     312 North Spring Street
       Los Angeles, California 90012
 8     Telephone:  (213) 894-6528
       Facsimile:  (213) 894-7177
 9     E-mail: Greg.Parham@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
12
13                 UNITED STATES DISTRICT COURT
14             FOR THE CENTRAL DISTRICT OF CALIFORNIA
15                       WESTERN DIVISION
16
17  UNITED STATES OF AMERICA,     ) CV 12-4897 PA(MRWx)
                                  )
18            Plaintiff,          )
                                  ) CONSENT JUDGMENT OF FORFEITURE
19       vs.                      )
                                  )
20  REAL PROPERTY LOCATED AT 13112)
    TELEGRAPH ROAD, SANTA FE      )
21  SPRINGS, CALIFORNIA (HYNES    )
    PACKING),                     )
22                                )
              Defendant.          )
23  _____)
    HYNES PACKING COMPANY,        )
24                                )
              Titleholder.        )
25                                )
                                  )
26                                )
                                  )
27  _____)
28
```

1    This action was filed on June 5, 2012.  Notice was given
2 and published in accordance with law.  Claimant and titleholder
3 Hynes Packing Company ("Claimant") filed a claim on July 16,
4 2012.  No other claims or answers have been filed, and the time
5 for filing claims and answers has expired.  Plaintiff United
6 States of America ("the government") and Claimant have reached
7 an agreement that, without further litigation and without an
8 admission of any wrongdoing, is dispositive of the government's
9 claims against the defendant property, and hereby request that
10 the Court enter this Consent Judgment of Forfeiture.
11    **WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**
12    1.   As used throughout, the following terms shall have the
13 following meaning:  (a) "defendant property" shall mean the
14 defendant real property located at 13112 Telegraph Road, Santa
15 Fe Springs, California; and (b) "illegal purpose" shall mean any
16 purpose that furthers or facilitates the distribution,
17 cultivation or sale of marijuana in violation of federal law
18 including, but not limited to, renting space to a person or
19 entity that sells, distributes or cultivates marijuana; or the
20 renting of space to or permitting the continued tenancy of any
21 person or entity that sells, distributes, cultivates or
22 facilitates the sale, distribution or cultivation of marijuana.
23    2.   This Court has jurisdiction over the parties to this
24 judgment and the subject matter of this action.
25    3.   On or about June 5, 2012, the government filed a
26 Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7)
27 against the defendant real property.
28 //

 1       4.    Claimant filed a timely claim.  No other claimant has
 2 appeared in this action.
 3       5.    Notice of this action has been given in accordance
 4 with law.  No appearances having been made in this action by any
 5 person other than Claimant, the Court deems that all other
 6 potential claimants admit the allegations of the Complaint to be
 7 true.  The Complaint states a valid claim for relief pursuant to
 8 21 U.S.C. § 881(a)(7).
 9       6.    Claimant shall retain possession of and title to the
10 defendant property and in consideration thereof, Claimant agrees
11 to abide by the terms of this Agreement.  Claimant shall
12 lawfully use and occupy the defendant property in accordance
13 with the restrictions imposed by paragraph 7 below.  If Claimant
14 fails to comply with any of the terms of paragraph 7, Claimant's
15 interest in the defendant property shall be forfeited to the
16 government pursuant to paragraph 9 below.
17       7.    Claimant shall not use or occupy the defendant
18 property, nor shall it allow the defendant property to be used
19 or occupied, for any illegal purpose.  Claimant shall take all
20 reasonable precautions to prevent any destruction to or
21 diminution in value of the defendant property and any fixtures
22 thereto.  Claimant shall not knowingly rent, lease or otherwise
23 allow the use or occupancy of any of Claimant's property to (a)
24 any former tenant who used or occupied any of Claimant's
25 property for any illegal purpose; or (b) any person Claimant has
26 reason to believe may use or occupy the Claimant's property for
27 any illegal purpose.  Claimant shall not knowingly allow any of
28 the Claimant's property to be listed in any advertisement,

1 publication, directory or internet site which advertises or
2 indicates that marijuana is available at the location of the
3 Claimant's property.[1]
4     8.   In the event that Claimant fails to comply with any of
5 the terms of paragraph 7 of this Consent Judgment during the
6 four (4) year period following the entry of this judgment, the
7 entirety of Claimant's interest in the defendant property shall
8 be ordered condemned and forfeited to the United States, subject
9 to the "notice" and "cure" provisions set forth below.  In the
10 event of forfeiture, the Los Angeles County Recorder shall index
11 this Judgment in the grantor index under the name of Hynes
12 Packing Company and in the grantee index in the name of the
13 United States of America.  If the government believes that
14 Claimant has failed to comply with any provision of paragraph 7,
15 it shall provide written notice of such failure to Claimant (as
16 well as its respective undersigned counsel), describing the
17 provision believed to have been violated.  Claimant shall have
18 fifteen (15) days from its receipt of such notice to cure the
19 violation, or in the event of a failure to comply that cannot be
20 cured within the fifteen day period, initiate within that period
21 steps sufficient to cure the failure in a reasonable period
22 (e.g., initiation of an unlawful detainer action), and
23 thereafter continue and complete all reasonable and necessary
24 steps to produce compliance as soon as reasonably practicable.
25 If such actions to cure the violation are not taken, as required

---

[1] The government is currently informed and believes that there is no location of any Claimant's property currently listed in any such publications.

above, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of Claimant to timely cure the violation.  The government shall provide Claimant with information supporting its allegation that there has been non-compliance.  Claimant shall have fourteen (14) court days from the filing of the Notice to file a motion to seek relief from forfeiture, wherein the moving party may argue that, among other things, it is an "innocent owner" pursuant to 18 U.S.C. §983(d).  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the defendant property shall be forfeited to the United States on the fifteenth (15th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise.  Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, Claimant agrees that the United States

1  Marshals Service may proceed to sell the defendant property.
2  Thereafter, the United States Marshals Service, or its
3  representatives, shall promptly proceed to dispose of the
4  defendant property and to distribute any proceeds from the sale
5  in accordance with the law.
6  9.   Upon the filing of this Consent Judgment, the United
7  States Marshals Service, or its representatives, shall be
8  allowed to enter the defendant property for purposes of
9  inspection and inventory.  Such entry shall be permitted by
10 Claimant at a reasonable time to be agreed upon by the parties.
11 Absent such agreement, the government may apply to the Court for
12 a writ of entry for purposes of protecting the government's
13 interests in the defendant property, in connection with which
14 Claimant may request a hearing.
15  10.  This consent judgment shall only be recorded in
16 accordance with the provisions of paragraph 8 above.
17  11.  In consideration of the government's agreement not to
18 pursue Claimant's interest in the defendant property, Claimant
19 shall pay the sum of $30,000.00 to the government not later than
20 30 days following entry of this consent judgment by the Court.
21 Such payment shall be made in the form of a cashier's check made
22 payable to the United States Marshals Service, and shall be
23 delivered to Assistant United States Attorney P. Greg Parham,
24 312 N. Spring Street, 14th Floor, Los Angeles, California 90012.
25 Said sum is hereby ordered forfeited to the United States of
26 America and no other right, title or interest shall exist
27 therein.  The United States Marshals Service is ordered to
28 dispose of the funds in accordance with law.

1       12.  In consideration of Claimant's agreement to forfeit
2  the above-described funds, and except as otherwise provided
3  herein, the government agrees to forego its attempts to forfeit
4  Claimant's interest in the defendant property in connection with
5  any conduct committed up to and including the date of the filing
6  of this proposed consent judgment.  The government agrees that
7  if payment is made as provided in paragraph 11, it shall execute
8  and record a Withdrawal of *Lis Pendens* with the County Recorder
9  of Los Angeles County within ten days of such payment.
10      13.  Should Claimant fail to make the payment required
11 herein within 30 days following entry of this consent judgment,
12 the government shall acquire a lien against the defendant real
13 property in the sum of $30,000.00.  The government's lien shall
14 include a right of sale, allowing the government to take
15 possession of and sell the defendant property at any time after
16 fifteen days after entry of this consent judgment, unless the
17 parties agree otherwise in writing.  The government shall give
18 written notice to Claimant by letter directed to Richard Hamlin,
19 7131 West Manchester Avenue, Suite 200, Los Angeles, California
20 90045, thirty (30) days before the government intends to enforce
21 its right of sale of the property.  At the conclusion of that
22 thirty day period, any occupants or personal property shall be
23 removed from the property.  The United States Marshals Service
24 is hereby authorized to remove any occupants and/or personal
25 property remaining on the defendant property thirty days after
26 the giving of written notice without further order of this
27 Court.  The United States Marshal Service shall thereafter sell
28

the property.  The proceeds of sale shall be applied as follows, to the extent proceeds are available:

      a.   First, to the costs incurred by the United States Marshals Service in taking possession of and selling the defendant property;

      b.   Second, to the payment due under the terms of this judgment; and

      c.   Third, to Claimant.

14.  The obligations of Claimant pursuant to this consent judgment, other than the payment by Claimant set forth in paragraph 11, shall terminate and be of no further effect upon the sale or other transfer of ownership of the defendant property to a third party (including the United States Marshals Service), or of the surrender by Claimant of any interest in the property.  Additionally, these obligations shall terminate and be of no further effect in the event that the defendant property is forfeited to the government.

15.  Except as otherwise set forth in this Consent Judgment, Claimant has released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by it or on its behalf.

16.  Upon expiration of the four (4) year period following the entry of this judgment, if claimant has otherwise complied

1  with the terms of this Consent Judgment, the government shall
2  execute an acknowledgment of full satisfaction of judgment and
3  provide claimant with a recordable copy.
4      17.  The parties shall each bear their own costs and
5  attorneys' fees in this action.
6      18.  The Court shall retain jurisdiction over this matter
7  to enforce the provisions of this Consent Judgment.
8      19.  All notices and other communications provided for in
9  this Consent Judgment shall be in writing and shall be effective
10 when given on the earliest of the following dates:  (i)  the
11 date when actually delivered if delivered in person to the
12 recipient; (ii)  on the first (1st) business day after depositing
13 such notice with a reputable independent nationally-recognized
14 overnight courier service addressed to the recipient as set
15 forth below; or (iii)  on the third (3rd) day after depositing
16 such notice in a sealed envelope in the United States mail,
17 postage prepaid, by registered or certified mail, return receipt
18 requested, addressed to, except as otherwise provided in this
19 Consent Judgment, the recipient at the address set forth below:
20 To the Government:  P. Greg Parham, Assistant U.S. Attorney,
21 Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los
22 Angeles, CA 90012.
23 To Claimant: Hynes Packing Company, 16320 Downey Avenue,
24 Paramount, CA 90723, with a copy to Richard Hamlin, 7131 West
25 Manchester Avenue, Suite 200, CA 90045.
26 Any notice so given by mail shall be deemed to have been given
27 as of the date of delivery (whether accepted or refused)
28 //

```
 1  established by the U.S. Post Office return receipt or the
 2  overnight courier's proof of delivery, as the case may be.
 3
 4  Dated: October 2, 2012         _____
                                   THE HONORABLE PERCY ANDERSON
 5                                 UNITED STATES DISTRICT JUDGE
 6  Approved as to Content:
 7
    DATED: September 28, 2012      ANDRÉ BIROTTE JR.
 8                                 United States Attorney
                                   ROBERT E. DUGDALE
 9                                 Assistant United States Attorney
10                                 Chief, Criminal Division
                                   STEVEN R. WELK
11                                 Assistant United States Attorney
                                   Chief, Asset Forfeiture Section
12
13
                                        /s/ P. Greg Parham
14                                 P. GREG PARHAM
                                   Assistant United States Attorney
15
                                   Attorneys for Plaintiff
16                                 United States of America
17
18  DATED: September 28, 2012      HYNES PACKING COMPANY
19
                                      /s/ Robert J. Koretoff
20                                 By: Robert J. Koretoff, CFO
21
22  Approved as to form:
23
    DATED: September 28, 2012         /s/ Richard Hamlin
24                                 RICHARD HAMLIN
                                   Attorney for Claimant
25                                 HYNES PACKING COMPANY
26
27
28
                                   10
```